UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TECO V. WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-66-RWS |
| | ) |
| COREY HUTCHESON, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Teco V. Woods for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff states that he has tried unsuccessfully to obtain a copy of his inmate account statement. He also states that he received some money to purchase commissary items. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is presently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. However, the events giving rise to his claims occurred when he was incarcerated in the Mississippi County Detention Center. He filed the instant complaint pursuant to 42 U.S.C. § 1983 and state law against Corey Hutcheson (the Jail Administrator at the times relevant to the complaint), Mississippi County, the City of Charleston, Missouri, Prosecuting Attorney Darren

3

Cann, and Unknown Officers of the Charleston, Missouri Police Department. Plaintiff sues the defendants in an individual and official capacity, and he seeks monetary and injunctive relief. He alleges as follows.

In September of 2014, a shooting occurred and plaintiff was identified as the shooter. He turned himself in and was detained at the Mississippi County Detention Center. He was involved in a fight with other inmates over a dispute involving the television. An inmate named Richard Humphrey signed his commissary over to plaintiff. An inmate named Kenny Irvy became upset about the commissary, and another fight ensued. Hutcheson investigated the incident and told plaintiff he knew that Humphrey had signed his commissary over to plaintiff. Irvy wrote a false statement against plaintiff, stating that he had been trying to extort other inmates, and was a bully. Later, Hutcheson claimed that plaintiff robbed another inmate of a mattress, and threw a mattress from the top tier of the pod. Hutcheson reported this to Cann, who filed a criminal complaint against plaintiff, charging him with robbery and assault. Plaintiff alleges these charges were ultimately dropped.

One day, plaintiff called his girlfriend from jail. She told plaintiff that her cell phone displayed a local number instead of the number it usually displayed when plaintiff called from jail. According to plaintiff, this means that Hutcheson was wiretapping, pinging, or tracking his girlfriend's cell phone.

Plaintiff alleges that "numerous officers from the Charleston, Mo Police Department" tried to coerce Coleman to falsely identify plaintiff as the one who shot him. However, Coleman testified that plaintiff did not shoot him, and Cann dropped the charges.

Plaintiff states that defendants City of Charleston, Missouri and Mississippi County have long histories of allowing law enforcement to conduct half-hearted investigations and coerce

people into providing false testimony, and of allowing Hutcheson to wiretap phones belonging to family members of inmates. He alleges that Hutcheson and Cann filed unsupported charges against people, and engaged in other forms of wrongdoing involving other people. Plaintiff claims that Hutcheson illegally pinged or otherwise interfered with cell phones belonging to various people, including himself, his wife, family members of inmates, state troopers, judges, and the former Sheriff. Plaintiff claims that Hutcheson and Cann had an agreement pursuant to which Hutcheson would file false reports about people, and Cann would then file criminal complaints against them.

Plaintiff claims that he "brings a claim under the Federal Wiretapping Act and the Stored Communications Act" against Hutcheson "for "illegally 'pinging' plaintiff and plaintiff's wife's cellphone, while the plaintiff was detained at the Mississippi County Detention Center." (Docket No. 1 at 9). He states he brings claims under the fourth and fourteenth amendments against "the Unknown Officers of the City of Charleston, Mo Police Department" for unlawful pretrial detention and fabricating evidence for coercing Rico Coleman to falsely identify plaintiff as the person who shot him. Plaintiff states this claim is also brought against Hutcheson and Cann for filing false charges against him that were later dismissed. Plaintiff also states that Hutcheson violated his rights by preparing a false report that he took another inmate's mattress and assaulted another inmate, which caused Cann to file a complaint against him that was also later dismissed. Plaintiff alleges that Cann violated his rights by filing false charges against him. Plaintiff states he brings a Monell claim against Mississippi County and the City of Charleston, Missouri for allowing Hutcheson to violate the Federal Wiretapping Act and the Stored Communications Act, and allowing law enforcement to conduct reckless investigations and fabricate evidence. Plaintiff alleges that Hutcheson filed false reports against other people, and

that he and Cann had an agreement to fabricate charges against people. He states he brings claims of conspiracy pursuant to federal and state law, and numerous other state law claims.

## Discussion

As an initial matter, the Court will dismiss all claims plaintiff attempts to bring on behalf of anyone other than himself. Plaintiff lacks standing to bring claims on behalf of others, and he does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See* 28 U.S.C. § 1915(e)(2)(B); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Plaintiff's claims against Unknown Officers of the Charleston, Missouri Police Department will be dismissed. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff's allegations regarding the fictitious defendants are not sufficiently specific to permit them to be identified after reasonable discovery. In addition, the fictitious defendants are both unidentified and indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Finally, plaintiff's allegations against these defendants are entirely speculative and conclusory, and subject to dismissal on that basis, as well. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's claims against Cann will be dismissed. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal

case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Here, all of Cann's allegedly unconstitutional conduct falls within the scope of initiating and pursing a criminal prosecution. He is therefore immune from suit. Plaintiff's allegations suggesting that Cann acted with an improper motive do not defeat immunity. *See Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (even if a prosecutor knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence, he is absolutely immune from suit), *Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation).

Plaintiff also alleges that Cann acted in furtherance of a conspiracy with Hutcheson. This does not defeat Cann's immunity. A prosecutor is absolutely immune from a conspiracy charge when, as here, his alleged participation in the conspiracy consists of otherwise immune acts. *Reasonover,* 447 F.3d at 580. For the foregoing reasons, all of plaintiff's claims against Cann will be dismissed.

All of plaintiff's claims against Hutcheson will be dismissed. First, plaintiff claims that Hutcheson violated federal law because he illegally pinged or otherwise tracked the cell phone of

someone he called from jail.[1] In support, plaintiff claims that the person he called told him that her cell phone displayed a local number instead of the number usually displayed when plaintiff called from jail. Plaintiff also states that Hutcheson did the same thing to other people's cell phones, and that he illegally pinged plaintiff's cell phone. These allegations are wholly conclusory and speculative, and are not entitled to the presumption of truth. In addition, as noted above, plaintiff lacks standing to bring claims on behalf of the person who owns the allegedly affected cell phone, and he may not represent others in federal court.

Plaintiff also alleges that Hutcheson filed false reports that caused Cann to file a criminal complaint against him. In support, plaintiff alleges that Cann ultimately dropped the charges against him, and he alleges that Hutcheson has been accused of wrongdoing involving other people. However, the fact that Cann ultimately dropped the charges against plaintiff does not mean that Hutcheson knowingly filed a false report, and the fact that Hutcheson has been accused of wrongdoing in other cases has no bearing on whether he committed wrongdoing against plaintiff. Plaintiff's speculative and wholly conclusory allegations are insufficient to state a claim against Hutcheson related to filing allegedly false reports. *See Iqbal,* 556 U.S. at 678.

Plaintiff also states that he brings a § 1983 claim of civil conspiracy against Hutcheson and Cann. To prevail on a § 1983 claim for conspiracy, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). Here, as discussed above, plaintiff's allegations fall short of alleging any constitutional violation. He therefore cannot maintain a § 1983 conspiracy claim. Even if plaintiff had successfully alleged a constitutional violation, his § 1983 conspiracy claim would fail. As noted above, Cann is immune from plaintiff's conspiracy charge because his

---

[1] Plaintiff alternately refers to the owner of the affected cell phone as his wife and his girlfriend.

alleged participation consisted of otherwise immune acts. Regarding Hutcheson, plaintiff offers only his own speculation, supported by broad and conclusory statements, that he conspired to file false reports for Cann to act upon. Allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Manis v.* Sterling, 862 F.2d 679, 681 (8th Cir. 1988). Plaintiff herein has not done so, and he therefore fails to state a § 1983 conspiracy claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The Court will also dismiss plaintiff's *Monell* claims against Mississippi County and the City of Charleston, Missouri. Under *Monell*, "[s]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from . . . an 'official municipal policy.'" *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (quoting *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978)). Absent a constitutional violation, however, there can be no § 1983 or *Monell* liability. *See Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017). Here, as discussed above, plaintiff's allegations fall short of alleging any constitutional violation, and there can therefore be no claim against Mississippi County or the City of Charleston, Missouri for any policies, practices or customs leading to one.

Even if plaintiff had successfully alleged a constitutional violation, the complaint would not state an actionable *Monell* claim because plaintiff sets forth his allegations in a wholly conclusory manner. In setting forth his *Monell* claims, plaintiff merely describes conduct he was subjected to that he believes to be unconstitutional, and then states that Mississippi County and the City of Charleston, Missouri had policies, customs or procedures to allow that conduct. Plaintiff includes no non-conclusory allegations that either of these defendants adopted a clearly

9

identified policy, custom or practice that caused plaintiff's injuries. Plaintiff's vague and conclusory allegations that his injuries were caused by some unidentified unconstitutional policies are insufficient to state actionable *Monell* claims. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.").

Finally, because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of July, 2018.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE